■ In the Matter of the Claim of WILLIAM RYAN, Respondent, v. ARMOUR AND COMPANY, Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision of the Workmen's Compensation Board denying its claim for reimbursement from the Special Disability Fund under subdivision 8 of section 15. The claimant became disabled on April 18, 1955 as the result of an asthmatic condition developed from his employment. He had worked for the employer 38 years and was foreman in a slaughterhouse. The claimant was also suffering from loss of hearing and the issue here is whether the hearing condition was such as to entitle the employer to reimbursement under subdivision 8 of section 15. A Dr. Kopp examined the claimant on January 11, 1957 and reported that he had a loss of hearing of 54% in the right ear and 51% in the left ear which could be considered "unserviceable hearing". The claimant testified that he began to notice the effects of his bad hearing in about 1945 when he would see people moving their lips but not hear anything. He stated that his employer had noticed he was hard of hearing in about 1952, asked him if he was and the claimant informed him that he was. The claimant stated that his hearing condition did not become any worse after April, 1955. The employer was unable to produce the men who had been the claimant's superiors to verify this because they were no longer with the employer. A Dr. Sandvoss who was in charge of the employer's medical department from 1946 through 1955 testified that he examined the claimant about 30 times in that period. Although he never examined him for loss of hearing nor noted such in his

records he testified that he had noticed that the claimant was hard of hearing, that it had become increasingly hard for him to hear and that he had considered the condition permanent. A Dr. Harkavy who examined the claimant for the employer on July 6, 1956 testified that the loss of hearing made the claimant's over-all disability materially and substantially greater. The Referee denied the appellant's claim for reimbursement and the board affirmed stating in its decision that appellant's doctor had not informed the appellant of the hearing condition, that there is no indication that the condition was considered a handicap to the claimant's employment and therefore "that the claimant was not hired or continued in his employment with knowledge by the employer that he had a permanent physical impairment in the nature of a hearing loss which was likely to be a hindrance or obstacle to employment." The appellant contends that the board improperly discharged the Special Fund since there is evidence indicating knowledge by the employer of the hearing condition and also that it contributes to the resulting disability. There are two issues here — the employer's knowledge of the permanency of the pre-existing impairment and whether that impairment may be considered as a hindrance to the claimant's employment. Apparently the board determined both questions against the appellant since its decision mentions both without specifying either one as the reason for denying the claim for reimbursement. It would seem that the board could find that the employer did not continue the claimant in employment with knowledge that he had a permanent impairment which was a hindrance to his employment. Although the employer's doctor knew the claimant was hard of hearing he never examined the claimant for that condition or communicated the fact that in his opinion it was permanent to his superior. While the claimant testified the employer was aware of the condition this, of course, does not mean he was aware of its permanency. There are several cases indicating that the employer must be in a position to make an "informed judgment" as to the permanency of the employee's impairment and the board could certainly find that such was not the case here (*Matter of Weinberger* v. *A. Zeibert & Sons,* 2 A D 2d 908; *Matter of Vance* v. *Ormsby,* 6 A D 2d 960). The question of whether the hearing condition was such as to be a hindrance to the claimant's employment would seem to be a close one but again it was a question of fact for the board. In *Matter of Torelli* v. *Robert Hall Clothes* (9 A D 2d 147) a loss of hearing was involved and it was pointed out that where the effect of the condition is fairly debatable the decision lies in the area of fact-finding. In our view the effect of the condition here was debatable and the board's decision should not be disturbed. Decision unanimously affirmed, with costs to the Special Disability Fund under subdivision 8 of section 15, against the self-insured employer.